## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **CONSTANCE ANNE YANCE,** | ) | Gibson County Chancery Court |
| | ) | No. 11522 |
| Respondent/Appellee. | ) | |
| | ) | C.A. No. 02A01-9710-CH-00275 |
| VS. | ) | |
| | ) | Hon. George R. Ellis, Chancellor |
| **JERRY LEE YANCE,** | ) | |
| | ) | **AFFIRMED AND REMANDED** |
| Petitioner/Appellant. | ) | |
| | ) | OPINION FILED: |

**FILED**

**June 17, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**Jeffrey A. Smith,** Trenton, Tennessee, for Petitioner/Appellant.

**Robert Kinton,** Trenton, Tennessee, for Respondent/Appellee.

_____

## MEMORANDUM OPINION[1]

_____

## FARMER, J.

Constance Ann Yance and Jerry Lee Yance were divorced by decree entered June 30, 1995.  Mr. Yance was ordered to pay alimony in the amount of $75 per week until the death or remarriage of Ms. Yance.

Mr. Yance subsequently filed a petition to suspend alimony pursuant to T.C.A. § 36-5-101(a)(3)(A) which provides as follows:

> In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
> (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse;

---

[1]Rule 10 (Court of Appeals).  **(b) Memorandum Opinion**.  The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

The petition to suspend alimony alleges that Ms. Yance was residing at the former marital residence with Mr. David Lovell and that he is supporting her. Ms. Yance responded that Mr. Lovell was not supporting her in any way, that she was gainfully employed and due to the closing of her former employer, Brown Shoe Company, she lost not only her job but insurance benefits and was currently working part-time with earnings of approximately $300 per month and was reliant upon the $75 per week alimony payments to meet her living expenses.

At the conclusion of the hearing, the chancellor ruled Mr. Yance had met his burden of establishing the statutory presumption but that Ms. Yance had rebutted the presumption and Mr. Yance appeals. The sole issue as presented on appeal is whether the trial court erred in finding that Ms. Yance had rebutted the statutory presumption in finding that she still needed the alimony previously awarded in the divorce decree.

Once it has been established that the alimony recipient is living with a third person, a presumption is raised that the third person is contributing to the support of the alimony recipient and that the recipient therefore does not need the amount of support previously awarded. The presumption is rebuttable. Mr. Yance proved to the trial court's satisfaction that Ms. Yance lives with a third person and that finding is not contested on appeal. He argues that it defies logic that a man and woman could live together and not contribute to each other's support. He further contends that her income is exceeded by her expenses, thus leading to the inescapable conclusion that Mr. Lovell must be contributing to her support.

It is our duty to review the evidence *de novo* and determine whether or not the evidence preponderates against the findings of the trial court. The record comes to us with a presumption of correctness of the trial court's findings. Rule 13(d) T.R.A.P.

Both Ms. Yance and Mr. Lovell testified that neither contributes to the support of the other and they each manage their own money. Ms. Yance testified that she is currently employed at Family Dollar Store, works 40 hours per week and recently received an increase from $4.75 per hour to $5.15 per hour. This would result in a weekly gross of $206. Her affidavit of income, including alimony, and expenses reveals a negative figure of approximately $350 per month. She

testified that she has been meeting the shortfall by using money from her retirement fund from her previous employer and savings. She had also received approximately $40,000 from her mother's estate. This evidence is essentially unrefuted.

Ms. Yance further testified that she still suffers from the same physical condition which she suffered at the time she was awarded alimony in the divorce decree. She described this condition as chronic urticaria. She has been under a doctor's care for nine years and takes steroids in order to be able to function and to work. She testified that it was still necessary for her to receive this amount of alimony in order to try to make ends meet.

Mr. Yance contends that the only testimony presented to rebut the statutory presumption was that of Ms. Yance and Mr. Lovell. It is apparent from the trial court's ruling that he found there testimony to be credible. The trial court, having the opportunity to observe the manner and demeanor of the witnesses, is in a better position to determine credibility. *Azbill v. Azbill*, 661 S.W.2d 682, 685 (Tenn. App. 1983).

Having reviewed this record, we have determined that the preponderance of the evidence is that Mr. Lovell is not contributing to the support of Ms. Yance and that she continues to need the amount of support previously awarded. The judgment of the trial court is affirmed and the cost of this appeal are taxed to the appellant, for which execution may issue if necessary.

_____

FARMER, J.

_____

HIGHERS, J. (Concurs)

_____

LILLARD, J. (Concurs)